## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Raymond J. Case, | Civ. No. 21-688 (JRT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND** |
| Tim Walz, Minnesota Governor; Keith Ellison, Attorney General; and Paul Schnell, Commissioner of Corrections, | **RECOMMENDATION** |
| Defendants. | |

Plaintiff Raymond J. Case has filed this case pro se in federal court, naming himself as the Plaintiff, seeking both injunctive relief (on behalf of current Minnesota prisoners) and monetary relief (on his own behalf) based on broad allegations that the State of Minnesota's criminal-justice system is unjust. Case did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Case qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true

all of the factual allegations in the complaint and draw all reasonable inferences in the

plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although

the factual allegations in the complaint need not be detailed, they must be sufficient to

"raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its

face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard

legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S.

662 (2009). Pro se complaints are to be construed liberally, but they still must allege

sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914

(8th Cir. 2004).

Case's pleading is not clear in all respects, but it does appear that Case is alleging

that, since May 1, 1980, Minnesota officials have misinterpreted state law in a manner

that violates the constitutional rights of prisoners and of persons accused of criminal

offenses. (The basis for the significance of the May 1, 1980 date is not obvious from the

Complaint, though Case does allege that he became incarcerated in Minnesota in 1980.)

The Complaint presents this broad claim to the Court through a variety of legal causes of

action, including state and federal criminal-law violations; claims under 42 U.S.C.

§ 1983; "illusory practice of [l]aw," and treason. (Doc. No. 1, Compl. 1.)

Critical here, Case does not allege that he is currently a prisoner or a criminal

defendant, and the bulk of his Complaint appears to be directed toward wrongs that he

believes are being committed against *other* persons. To establish standing to bring a

claim, however, a claimant must establish that he has suffered an injury in fact. *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Injury in fact is a constitutional requirement . . . ." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan*, 504 U.S. at 560).

In other words, to prosecute this action, Case must establish how *he*, personally, has been or is about to be harmed by the actions of the Defendants. But most of the pleading focuses on wrongs that Case believes are being committed against other people — i.e., current prisoners and criminal defendants. Case lacks standing to prosecute claims on behalf of other litigants. Nor is it enough to for Case to allege that he may, someday, be subjected to the conditions alleged in the Complaint; again, to confer standing, the injury alleged must be "'actual or imminent, not conjectural or hypothetical.'" *Spokeo,* 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).

The pleading and accompanying materials do reference potential injuries of Case himself in two respects. First, Case alleges that he was a prisoner of the State of Minnesota from 1980 through 1996 and that he was subjected to the conditions alleged in the Complaint during that period. (*See* Doc. No. 1, Compl. at 5; Doc. No. 1-1, Compl. Addendum at 6.) To the extent that Case presents claims premised on his own imprisonment, however, the Complaint is not viable for two reasons. First, the statute of limitations in Minnesota for bringing claims of constitutional violations pursuant to § 1983 is six years. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618, n.3 (8th Cir. 1995). Accordingly, it is too late for Case to present claims premised on the

3

unlawfulness of the conditions during his own imprisonment. Second, even if Case's

claims were timely, the pleading is too vague to put Defendants on notice of what aspect

of the prison conditions Case believes to have been unlawful.[1]

Second, Case alleges that his Second Amendment right to possess a firearm

continues through the present day to be infringed. (*See* Compl. Addendum at 4–5.) The

Second Amendment, however, does not prohibit restrictions on felons from possessing

firearms. *See District of Columbia v. Heller*, 554 U.S. 577, 626 (2008). To the extent that

Case is alleging that his convictions were unlawfully obtained, this litigation is not an

appropriate proceeding through which to collaterally challenge a facially valid criminal

conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Accordingly, this Court recommends that this action be dismissed without

prejudice. The Court notes that at several points throughout his Complaint and

accompanying materials, Case requests that an attorney be appointed to represent him in

this action. "A pro se litigant has no statutory or constitutional right to have counsel

appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see*

*also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in

civil cases is committed to the discretion of the district court."). This Court acknowledges

---

[1]    The one allegation that Plaintiff makes that might be reflective of what Plaintiff
believes was wrongdoing, is his claim that the State of Minnesota employs a
"Behavioural Modification Sensory Deprivation Program, which is designed for the
purpose of controlling the patients minds and bodies from harm." (Compl. at 7 (sic
throughout).) But few details about this program are provided in the Complaint, and this
Court cannot say from the pleading why Case believes the program to have been
unlawful (or what the program entailed).

that Case's mental-health condition likely makes prosecution of this action more difficult.

There is little in the Complaint, however, to suggest that a viable cause of action is

available to Case. Under the circumstances, this Court believes that appointment of

counsel would be unlikely to provide any practical assistance to either Case or the Court.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      This matter be **DISMISSED WITHOUT PREJUDICE**.

2.      The application to proceed *in forma pauperis* of plaintiff Raymond J. Case

(Doc. No. 2) be **DENIED**.

Dated: March 30, 2021                    __*s/ Becky R. Thorson*_____
                                          BECKY R. THORSON
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation.  A party may respond to those
objections within 14 days after being served a copy of the objections.  *See* Local
Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits
set forth in Local Rule 72.2(c).