UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYMOND J. CASE, | Civil No. 21-688 (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| TIM WALZ, *Minnesota Governor*, KEITH ELLISON, *Minnesota Attorney General*, and PAUL SCHNELL, *Minnesota Commissioner of Corrections* | |
| Defendants. | |

Raymond J. Case, 3032 Fifth Avenue South, Minneapolis, MN 55408, pro se.

Plaintiff Raymond Case alleges that Defendants unconstitutionally enforce Minnesota criminal laws against prisoners by revoking good time already earned. (Docket No. 1 at 1–2; Docket No. 1-1 at 2–4.) Additionally, Case alleges that he was subjected to unlawful conditions while imprisoned from 1980 to 1996, (Docket No. 1 at 5), and that his Second Amendment right to possess a firearm is being violated, (Docket No. 1-1 at 4–5.) Case has also applied to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (Docket No. 2.)

---

[1] The Court notes that under Section 1915, "federal courts may authorize a civil action to proceed without prepayment of fees if a person submits an affidavit indicating that he or she is unable to pay the fees. However, if the court determines that the action 'fails to state a claim on which relief may be granted,' Section 1915(e)(2)(B)(ii) directs the

On March 30, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Complaint be dismissed without prejudice and that Case's IFP application be denied. (Docket No. 5 at 5.) Case objects.[2] (Docket No. 10.) The Court reviews, de novo, any part of a magistrate judge's R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3).

As a preliminary matter, the Court must determine whether Case has standing to assert constitutional claims on behalf of Minnesota prisoners. He does not, as injuries suffered by others are not cognizable injuries in fact, and he is not currently a prisoner or facing the prospect of imprisonment. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548–49 (2016) (holding that, to have standing, a plaintiff must show an invasion of a legally protected interest that is concrete and particularized, and actual or imminent). As such, the Court cannot consider these claims, as they present no live case or controversy. *Id.* at 1547.

However, Case does assert two other claims involving injuries in fact: one with respect to the allegedly unlawful conditions he was subject to during his imprisonment;

---

court to dismiss the case." *Bonczek v. Bd. of Trs. Nat. Roofing Indus. Pension Plan*, No. 14-3768, 2015 WL 1897837, at *2 (D. Minn. Apr. 23, 2015). Additionally, if the action fails to state a plausible claim to relief, the court may dismiss the action prior to service of process and without leave to amend. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).

[2] Case later filed a Motion to Appoint Counsel, (Docket No. 7), and a Motion to Compel, (Docket No. 9.). Because the Court will overrule Case's objection, adopt the R&R, and dismiss the action, these Motions will be denied as moot. *Cf. Reynolds v. Foree*, 771 F.2d 1179, 1181 (8th Cir. 1985).

and another with respect to his alleged right to possess a firearm.  When assessing the plausibility of these claims, the Court must consider whether Case pleads sufficient factual content to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

With respect to the conditions of his imprisonment, the Court understands Case to assert a § 1983 claim.  *See* 42 U.S.C. § 1983 (establishing a cause of action for citizens deprived of federal rights by persons acting under color of state law); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (stating that pro se complaints are to be construed liberally).  For § 1983 claims, the statute of limitations is established by the state statute of limitations for personal injury torts.  *See DeVries v. Driesen*, 766 F.3d 922, 923 (8th Cir. 2014) (citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)).  In Minnesota, the applicable statute of limitations is six years.  Minn. Stat. § 541.05, subd. 1(5).  Here, Case alleges that his injuries occurred sometime between 1980 and 1996.  As such, the limitations period has long since run.[3]  Thus, the Court finds that Case fails to state a plausible claim to relief with respect to the conditions of his imprisonment and will therefore dismiss this claim.

With respect to the right to possess a firearm, the Second Amendment does confer a right to bear arms, but this right is not absolute.  *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  For example, prohibiting felons from possessing firearms is not

---

[3] Additionally, the Court notes that, even if there were time on the clock, Case does not allege sufficient facts upon which a § 1983 claim could reasonably be inferred.

unconstitutional.  *Id.*  Here, Case has been convicted of a felony.  Thus, the Court finds that Case fails to state a plausible claim to relief with respect to his right to possess a firearm and will therefore dismiss this claim.

In sum, with respect to all claims, Case either lacks standing or fails to state a plausible claim to relief.  As such, the Court will overrule Case's Objection, adopt the R&R, and dismiss the action without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEARBY ORDERED** that:

1. Case's Objection to the Report and Recommendation [Docket No. 10] is **OVERRULED**;

2. The Magistrate Judge's March 30, 2021 Report and Recommendation [Docket No. 6] is **ADOPTED**;

3. The action is **DISMISSED without prejudice;**

4. Case's Application to Proceed In Forma Pauperis [Docket No. 2] is **DENIED as moot**;

5. Case's Motion to Appoint Counsel [Docket No. 7] is **DENIED as moot**; and

6. Case's Motion to Compel [Docket No. 9] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 2, 2021            _____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                                    Chief Judge
                                       United States District Court